```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| CHRISTOPHER SMITH, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) CIVIL ACTION NO. 07-10228-PBS |
|  | ) |
| JEFFERSON PILOT FINANCIAL | ) |
| INSURANCE COMPANY, | ) |
|  | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

March 5, 2010

Saris, U.S.D.J.

## I. Introduction

This case involves a dispute over the proper interpretation of a Long-Term Disability ("LTD") insurance policy issued by the Defendant, Jefferson Pilot Financial Insurance Company ("Jefferson Pilot"), for the benefit of the Plaintiff, Christopher Smith. After issuing a Memorandum and Order on April 8, 2009, deciding the case, the Court remanded to the Claims Administrator, in this case the Defendant, for a final calculation of the benefits due to the Plaintiff. Plaintiff has partially objected to the Defendant's Report to the Court Following Remand. As the Claims Administrator/Defendant exceeded the scope of the remand, the Court now **ALLOWS-IN-PART** the

Plaintiff's objection, and enters judgment for the Plaintiff in the amount of the difference between any benefits paid since May, 2004 and the correct monthly payment of $8,083.87 (60% of Smith's Basic Monthly Earnings of $13,473.12), minus any Other Income Benefits (including pre-tax earnings from other employment, net of any business expenses), interest on the retroactive benefits at the annual rate of 6% accruing as of the date each underpayment was due, starting on June 28, 2004, and compounded annually, and the agreed upon attorney's fees and costs of $150,000, and orders Defendant to make future monthly benefit payments to Smith in the amount of $8,083.87, which it may reduce by the amount of any Other Income Benefits, in accordance with the group policy.

## II.  Discussion

After having a full opportunity to litigate the issues in this case and choosing to advance an ever-changing interpretation of its own policy, Defendant has sought to pluck victory from the jaws of defeat by impermissibly attempting to reopen the record on remand.  As the Court explained in its April 8, 2009 Memorandum and Order, the Court, at the request of the parties, was:

> decid[ing] the case as a case stated on a paper record. Unlike with summary judgment, when deciding a case stated the Court "must review the record, draw such inferences as are reasonable, decide any significant issues of material fact, and, applying the governing law, enter such judgment as may be appropriate."

Smith v. Jefferson Pilot Fin. Ins. Co., 607 F. Supp. 2d 266, 268 (D. Mass. 2009) (quoting Watson v. Deaconess Waltham Hosp., 141 F. Supp. 2d 145, 147 (D. Mass. 2001)).  As the parties requested, the Court's Memorandum and Order thus decided the issues of material fact in the case.

In its Memorandum and Order, the Court declared that "Jefferson Pilot must calculate Plaintiff's benefits on the basis of his average monthly gross pay over his entire period of employment at Hollister."  Id. at 273.  The Court's wording was caused by the fact that Jefferson Pilot had initially argued that Smith's benefits were to be calculated on the basis of his net pay instead of his gross pay, although it later dropped this argument.  The Court should have said that "Jefferson Pilot must calculate Plaintiff's benefits on the basis of his average monthly base salary (gross, not net) over his entire period of employment at Hollister."  Defendant raised this issue in a motion to amend that the Court denied without prejudice so that the Claims Administrator could address the issue first.

That being said, the Court had determined Plaintiff's average monthly base salary based on an undisputed record.  Smith asserted that, under the correct interpretation of the policy, his average monthly base salary was $13,473.12.  Id. at 269.  Defendant did not dispute this figure, despite having ample opportunity and incentive to do so, but instead merely chose to

advance its own interpretation of the policy, which failed.  The Court thus found Smith's average monthly base salary was $13,473.12, as the figure was undisputed.  Id. at 269-72.  Thus as to this issue of material fact, the record was closed.

Having decided the significant issues of material fact and declared the correct interpretation of the policy, the Court allowed Defendant's motion to remand the case to the Claims Administrator "for a recalculation of Plaintiff's benefits consistent with the Court's Memorandum and Order dated April 8, 2009."  (Def.'s Mot. to Remand 5.)  This order was made to allow the Claims Administrator to do the math regarding the total benefits due, as the average monthly base salary determined by the Court needed to be multiplied by 60% as mandated in the policy and multiplied by the appropriate number of months, and Other Income Benefits needed to be calculated and deducted, and because the Claims Administrator was responsible for Smith's ongoing claim.  The Claims Administrator had an obligation as a fiduciary to follow the Court's order to calculate "Plaintiff's benefits <u>consistent with the Court's Memorandum and Order</u>."  (Id. (emphasis added).)  It was a violation of that duty to attempt to reopen the record to recalculate Plaintiff's average monthly base salary.

Smith also protests that Jefferson Pilot violated the Court's Order by improperly attempting to apply the Other Income Benefits offset provision of the policy retroactively.  The

-4-

Court's Memorandum and Order stated, "in the future Jefferson Pilot may validly offset Plaintiff's earnings from any form of employment from his benefits under the group policy." Smith, 607 F. Supp. 2d at 273. There was no bar from offsetting Smith's earnings when recalculating the benefits due. Smith further argues that the offset should be his net (after tax) earnings from other employment. Although the amount of the offset should be net of any business expenses, it may be calculated on the basis of pre-tax earnings.

All that remains is for the Court to determine an appropriate award of prejudgment interest. In ERISA cases, courts have broad discretion to determine both whether an award of prejudgment interest should be made and to determine the parameters of such an award. Radford Trust v. First Unum Life Ins. Co. of Am., 491 F.3d 21, 23-24 (1st Cir. 2007). A court's discretion "encompasses not only the overarching question - whether to award prejudgment interest at all - but also subsidiary questions that arise after the court decides to make an award, including matters such as the period and rate to be used in calculating interest." Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220, 223 (1st Cir. 1996). Here, an award of prejudgment interest is appropriate, as it is necessary to make Smith whole. See Laurenzano v. Blue Cross and Blue Shield of Mass., Inc. Ret. Income Trust, 191 F. Supp. 2d 223, 234 (D.

Mass. 2002) ("by the time ERISA was enacted in 1974, the federal common law had recognized for over forty years that prejudgment interest is necessary to make a prevailing plaintiff whole.").

Jefferson Pilot argues that the date of accrual should be June 23, 2006, as that was when it denied Smith's request to increase his benefits to the appropriate level.  Smith argues that the date of accrual should be May 28, 2004, as that was the beginning of the period for which Smith was to receive benefits.  Interest should accrue as of the date each full payment should have been made, starting with June 28, 2004, because that is the date when Smith's benefits became legally due, and interest from that date is necessary to make Smith whole.[1]  See Cottrill, 100 F.3d at 224 (approving an accrual date that "not only advances the general purposes of prejudgment interest, but also serves ERISA's remedial objectives by making a participant whole for the period during which the fiduciary withholds money legally due.  Figuring the accrual date in this way also prevents unjust enrichment.").

As for the appropriate rate, "a court that elects to award prejudgment interest in an ERISA case has broad discretion in

---

[1]  Smith's calculation of interest incorrectly computes interest as if the total amount now due was due on the first date of accrual.  The correct method of computing interest is to compute interest on the underpayment due June 28, 2004 from June 28, 2004 to the present, on the underpayment due July 28, 2004 from July 28, 2004 to the present, on the underpayment due August 28, 2004 from August 28, 2004 to the present, and so on.

choosing a rate.  In such a situation, equitable considerations should guide the exercise of judicial discretion." Id. at 225. Courts can look to numerous sources for guidance, including state law and the federal statutory rate.  See id. at 224-25.  Here, however, the state rate of 12% is too high, and the federal funds rate is too low, especially given the current historically low rates, as it represents a completely risk-free rate of return.  A more equitable measure here is 6%, the rough average of the prime rate over the relevant period, which better reflects the value of the unpaid money over time, and thus better serves to make Smith whole and prevent unjust enrichment, compounded annually.  See Laurenzano, 191 F. Supp. 2d at 236-37 (awarding prejudgment interest at the prime rate); In re Oil Spill by Amoco Cadiz, 954 F.2d 1279, 1332-35 (7th Cir. 1992) (awarding prejudgment interest at the average prime rate over the relevant period as the prime rate is an appropriate "market-based estimate"); Fritcher v. Health Care Serv. Corp., 301 F.3d 811, 820 (7th Cir. 2002) (approving the use of the prime rate and compounding for prejudgment interest awards in ERISA cases).  Following the entry of judgment, postjudgment interest will accrue at the federal rate.  28 U.S.C. § 1961(a).  The parties shall provide a recalculation of the benefits due and propose a form of judgment within one week.

**ORDER**

The Court **ALLOWS-IN-PART** the Plaintiff's partial objection, and enters judgment for the Plaintiff in the amount of the difference between any benefits paid since May 28, 2004 and the correct monthly payment of $8,083.87 (60% of Smith's Basic Monthly Earnings of $13,473.12), minus any Other Income Benefits (including pre-tax earnings from other employment, net of any business expenses), interest on the retroactive benefits at the annual rate of 6% accruing as of the date each underpayment was due, starting on June 28, 2004, and compounded annually, and the agreed upon attorney's fees and costs of $150,000.  The Court orders that going forward the Defendant shall make future monthly benefit payments to Smith in the amount of $8,083.87, which it may reduce by the amount of any Other Income Benefits, in accordance with the group policy.

      /s/ PATTI B. SARIS
PATTI B. SARIS
United States District Judge